UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

DEBORAH LAUFER, Individually,          Case No.: 3:19-cv-1581 (BKS/ML)

        Plaintiff,

-against-

JEGG REALTY NORWICH, LLC,

        Defendant.

---------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## CHALLENGING PLAINTIFF'S STANDING

# TABLE OF CONTENTS

ARGUMENT ………………………………………………………………………………….. 1

CONCLUSION …………………………………………………………………….……………. 4

# TABLE OF AUTHORITIES

**Cases**

*Lauffer v. Laxmi & Sons LLC*, 2020 WL 2200207 (NDNY 2020) ……………………….. 1,2,3,4

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187, 187-88 (2d Cir. 2013)………................1

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) ……………..…..2

*Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71–72 (2d Cir. 2011) ………………...……2

*Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019)…………..……..2

**Statutes/Regulations**

28 U.S.C. §36.302 …………………………………………………….……………………….3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DEBORAH LAUFER, Individually,                Case No.: 3:19-cv-1581 (BKS/ML)

        Plaintiff,

-against-

JEGG REALTY NORWICH, LLC,

        Defendant.

---------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## CHALLENGING PLAINTIFF'S STANDING

Defendant, Jegg Realty Norwich, LLC, offers the within memorandum challenging Plaintiff's standing. Based on the rationale espoused in *Lauffer v. Laxmi & Sons LLC*, 2020 WL 2200207 (NDNY 2020) (the "Laxmi" decision) and cases cited therein, this Court should dismiss the current suit, and all of Plaintiff's blunderbuss lawsuits, for lack of standing.

## ARGUMENT

In the ADA context, the Second Circuit has found standing "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Laxmi*, 2020 WL 2200207, * 2, *citing Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187, 187-88 (2d Cir. 2013). Whether an ADA plaintiff intends to return to a place of public accommodation is a fact-specific inquiry. *Id., citing Kreisler* (finding the plaintiff had standing to challenge a diner's wheelchair inaccessible entrance and barriers inside where the plaintiff alleged that the seven-to-eight-inch step at the front entrance" deterred him from frequenting the Diner; the Diner has not indicated an intent to

1

remedy this barrier; and [the plaintiff's] testimony and proximity to the Diner create a reasonable inference that he would frequent the Diner were the violation remedied"); *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (finding Florida resident did not have standing to bring an ADA action against the owner of a Hampton Inn in Stamford, Connecticut; absent evidence of "any concrete plan to stay overnight in Stamford in the future," his claim "lacks the specificity necessary to establish an ongoing injury caused" by the alleged ADA violation); *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71–72 (2d Cir. 2011) (finding Florida resident who "avows a present intent to return to" the defendant's mall in New York, "the likelihood of which finds some support in professional and family reasons," has standing to pursue an injunctive relief claim under the ADA challenging its lack of accessibility).

As in *Laxmi*, Lauffer again admits that she considers herself an ADA "tester." Also as in *Laxmi*, "[t]here are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id*. at *4. Accordingly, this Court's citation to and use of *Greenwich Hosp*. and *Griffin*[1] to question Lauffer's standing was and is prescient. Indeed, and as in *Laxmi*, the same Plaintiff does not allege that she has, will, or ever intends to come to New York to avail herself of Defendant's lodging services. As such, Plaintiff has no standing.

---

[1] *See e.g., Greenwich Hosp. Grp., LLC*, 536 F. App'x at 155  (finding the plaintiff's "assertion that he visits public accommodations as an ADA 'tester' " failed to establish standing as it lacked "the requisite link to Stamford, Connecticut" -- the location of the defendant's Hampton Inn), and *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] **to avail himself of its services**") (emphasis added).

2

Plaintiff attempts to distance herself from the rationale of *Laxmi, Greenwich Hosp.* and *Griffin* (and the other cases cited in those decisions) by arguing that there is a distinction between "physical barrier" cases and website cases. Plaintiff's argument is unavailing and contrary to both the plain language and the intent of the ADA.

Indeed, the plain language of the regulation cited by Plaintiff uses the same language from the above cases which require the plaintiff to make a plausible assertion that a return to the subject website would allow the plaintiff to avail him/herself of the defendant's services. *To wit:*

> § 36.302 Modifications in policies, practices, or procedures.
>
> (a) General. A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary **to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities,** unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.

(Emphasis added.) The prefatory language of the regulation at issue clearly evidences that a putative plaintiff must have made an attempt, or have some intent, *to use* the goods and services being discussed on the website at issue.[2] Here, and as in *Laxmi*, there are no plausible assertions made by Plaintiff's about any alleged attempt or intent to use Defendant's lodging services in New York – *none*.

Likewise, the ADA is *not* a simple fairness in advertising statute regulating content with that goal in mind. Rather, the intent and design of the ADA is to promote accommodations to assist people with disabilities, and thereby allow those who need *and intend to use* those accommodations the ability to access the related goods and services. The ADA does not and can

---

[2] Notably, the language cited by Plaintiff in her complaint arguably complies with section (e). *See* Complaint at ¶11. Moreover, if Plaintiff had any follow-up question she could have sent an email or called.

3

not extend to a psychological grievance deriving from alleged technical shortcomings in a website advertising a place that a person has not been, and/or a place or service they have no intention to visit or use.[3]

## CONCLUSION

For the foregoing reasons, and pursuant to the rationale espoused in *Lauffer v. Laxmi & Sons LLC*, 2020 WL 2200207 (NDNY 2020) and cases cited therein, this Court should dismiss the Plaintiff's actions for lack of standing.

LEVINE & LEVINE, PLLC

Attorneys for Defendant, Jegg Realty Norwich, LLC

By: */s/ John T. Shaban*
John T. Shaban (JS1049)
2 Jefferson Plaza, Suite 100
Poughkeepsie, New York 12601
Tel. (203) 856-3885

29 Ledgewood Road
Redding CT, 06896
john@levinelevinelaw.com

Dated: June 22, 2020

---

[3] Likewise, the cases cited in Plaintiff's brief show that courts look for some link to the use of the goods and services, and/or some intent to visit the venue in question. *See e.g.,* Pl Memo at 8-9, citing *Harty v. Simon Property Group, L.P.*, 428 Fed. Appx. 69, 71 (2nd Cir. 6/29/2011) (court held that "Harty's allegations are sufficient, for pleading purposes, to establish ADA standing based upon a plausible intention *to return to the Nanuet Mall*. The amended complaint alleges that Harty plans to *return both as a patron "to avail himself of the goods and services offered to the public at the property*" and as a tester "to determine whether the property has been made ADA compliant") (emphasis added); *Access 4 All, Inc. v. Absecon Hospitality Corp.*, 2006 WL 3109966, 1:04-cv-6060 (D.N.J. 2006) (plaintiff was an admitted ADA "tester" and the court denied summary judgment, reasoning that: "because Plaintiff Esposito is a frequent litigant with the stated goal of ensuring ADA compliance, his claim of *intent to return to the [hotel] to do additional examinations* is made more, not less, credible") (emphasis added).